IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ESGGAR REYES and FREDERICO REYES VASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOM ENFORCEMENT; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and MICHAEL BERNACKE, in his official capacity as the Director of the Sale Lake City ICE field office,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING IN PART TEMPORARY RESTRAINING ORDER**<br><br>2:25-cv-01159<br><br>Judge Tena Campbell |

Before the court is a Motion for Temporary Restraining Order filed by Plaintiffs Esggar Reyes and Frederico Reyes Vasquez. (ECF No. 2.) Mr. Reyes Vasquez was arrested by Defendant United States Customs and Immigration Enforcement (ICE) on December 19, 2025. (Compl., ECF No. 1 at ¶ 25.) His son, Mr. Reyes, asserts that despite multiple efforts, he has been unable to reach ICE to obtain any information about his father's detention. (Id.) Specifically, Mr. Reyes maintains that his counsel, Alec S. Bracken, attempted to call the Salt Lake City ICE field office on the number listed on ICE's website—i.e., (801) 736-1200—but that the phone automatically disconnected. (Id.)

In the meantime, Mr. Bracken filed a petition for habeas corpus on behalf of Mr. Reyes Vasquez. (Id.) That petition is now pending before the Honorable Jill N. Parrish. See Reyes Vasquez v. Noem, No. 2:25-cv-1146. Judge Parrish ordered that Mr. Reyes Vasquez should not

be transferred outside the District of Utah and set a hearing for the petition for Wednesday, December 31, 2025. (Order to Show Cause, Dec. 22, 2025, ECF No. 4 in No. 2:25-cv-1146.) Despite that order, Mr. Bracken asserts that Mr. Reyes Vasquez may have been removed from the United States on December 23, 2025. (ECF No. 1 at ¶ 26.)

Late yesterday, Mr. Bracken filed a complaint and a motion for a temporary restraining order in the above-captioned action. (See ECF Nos. 1 & 2.) Through counsel, Mr. Reyes and Mr. Reyes Vasquez argue that ICE's failure to maintain a functioning method for communication is a violation of the Fifth Amendment's due process guarantee, the First Amendment's right to petition, and the Administrative Procedure Act (APA). (ECF No. 1 at ¶¶ 27–48.) The Plaintiffs move the court to enter an order directing the Defendants to reconnect ICE's public inquiry phone line, to schedule a prompt hearing, and to grant any other relief the court deems just and proper. (Id., Prayer for Relief.)

## LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure grants the court authority to issue a temporary restraining order or preliminary injunction. "A temporary restraining order and preliminary injunction share the same standard." Nunez v. Nunez, No. 1:13-cv-126-TS, 2013 WL 5230614, at *2 (D. Utah Sept. 12, 2013) (citation omitted). A plaintiff "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The likelihood-of-success and irreparable-harm factors are "the most critical" in the analysis. Nken v. Holder, 556 U.S. 418, 434 (2009).

## ANALYSIS

It is a foundational principle of American law that no person shall be deprived of liberty without due process of law.  U.S. Const. amend. V.  This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  The Tenth Circuit has also held that the "right to retain and consult with an attorney … implicates … clearly established First Amendment rights of association and free speech."  DeLoach v. Bevers, 922 F.2d 618, 620 (10th Cir. 1990).

These rights are meaningless if it is impossible to locate a person who has been detained.  Regardless of whether Mr. Vasquez Reyes was lawfully detained—a question that is properly before Judge Parrish and not presented here—and regardless of the ultimate determination of his immigration status, the court finds that the Plaintiffs have established a substantial likelihood of success on the merits that the First and Fifth Amendments require ICE to provide information about the whereabouts of a detained person.

But mindful of the deference due to a coequal branch of government, and having not yet heard from the Defendants, the court declines to make a further finding at this time about how that information must be provided—for instance, whether ICE must maintain an active phone line or provide up-to-date information on a website.  The court notes with concern, however, that the Plaintiffs' assertions in this case appear to be correct.  The court also attempted to call the Salt Lake City ICE field office and was automatically disconnected.  And the court could find no information about Mr. Vasquez Reyes on ICE's online detainee locator system.[1]  Mr. Vasquez Reyes has effectively disappeared.

---

[1] Available at: http://locator.ic.gov/odls/#/search (last accessed Dec. 24, 2025).

Because the court finds that Mr. Reyes Vasquez has alleged an infringement of his First Amendment rights, the court finds that he has established irreparable harm. See Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Moreover, if Mr. Reyes Vasquez is or has been deported before any information is provided about his whereabouts, it may be too late for his attorney to adequately raise objections or defenses to his removal.

Finally, the court finds that the balance of harms and the public interest both favor the issuance of a temporary restraining order to the extent that such an order directs ICE to provide information about the whereabouts of a person it has detained. The court finds no way in which ICE is harmed by this disclosure, and the public has an interest in ensuring that any person who has been detained by the United States has access to an attorney and that the family of the detained person is informed about that person's location.

Accordingly, the court finds that the Plaintiffs have demonstrated that they are entitled to relief insofar as they are demanding information about Mr. Vasquez Reyes's whereabouts. The court will allow the Defendants an opportunity to enter an appearance and be heard before making any further orders regarding the means through which this information must generally be provided, such as through the maintenance of a functioning phone line.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS IN PART the Plaintiffs' Motion for a Temporary Restraining Order. (ECF No. 2.) The court ORDERS the Defendants to provide the Plaintiffs' counsel with information about Mr. Vasquez Reyes's detention and whereabouts by Monday, December 29, 2025. The court takes under advisement the remainder of the relief requested by

4

the Plaintiffs. The Clerk of Court is therefore directed to leave the Motion for a Temporary Restraining Order pending.

2. The court directs the Clerk of Court to serve a copy of this order, via email, on the United States Attorney for the District of Utah and the civil duty attorney for the United States Attorney for the District of Utah (joel.ferre@usdoj.gov). The court directs the Assistant United States Attorney handling this matter to email a copy of this Order to the Defendants.

3. The court sets a status conference in this matter on Wednesday, December 31, 2025, at 10:30 a.m. in Courtroom 3.400.

DATED this 24th day of December, 2025.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge