IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ESGGAR REYES and FREDERICO REYES VASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOM ENFORCEMENT; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and MICHAEL BERNACKE, in his official capacity as the Director of the Sale Lake City ICE field office,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE AS MOOT**<br><br>2:25-cv-01159<br><br>Judge Tena Campbell |

Before the court is a Motion for Temporary Restraining Order (TRO), which was filed by Plaintiffs Esggar Reyes and Frederico Reyes Vasquez on December 23, 2025. (ECF No. 2.) The court granted that motion in part in an order issued on December 24, 2025. (Mem. Decision & Order, Dec. 24, 2025, ECF No. 3.) The court then ordered briefing concerning the remainder of the relief requested by the Plaintiffs—namely, an injunction ordering Defendant United States Customs and Immigration Enforcement (ICE) to turn on its phones or otherwise establish a method by which the families of detained persons and their counsel may receive information about a detainee's status and location.

In their response, the Defendants maintain that the Motion for a TRO—and, indeed, the case—is moot because the phone connectivity problems "were the result of a technological malfunction and the system is presently working." (Defs.' Resp., ECF No. 16 at 3; Decl. Evan

Tjaden, ECF No. 16-2 at ¶¶ 5–6.) The Plaintiffs agree that the phones are now working and that the injunctive relief they seek has therefore been achieved. (Pls.' Not., ECF No. 17 at 2.) The Plaintiffs do not oppose dismissal of this action on the grounds that the case is now moot. (Id.)

The court agrees that the case is moot and therefore dismisses the action for lack of a live controversy. But the court notes its concern with the Defendants' assertion that there is only one employee currently responding to calls:

> ERO SLC [i.e., the Salt Lake City Field Office for the Enforcement and Removal Operations (ERO) branch of ICE] is short staffed due to retirements, staff reassignments, and assignment detail to outside Areas of Responsibility (AORs) by our agency's headquarters. Since December 18, 2025, ERO SLC has had one person manning the public telephone line. Due to the staffing shortage, it is not possible at this time to have additional personnel answering the public telephone line.

(Tjaden Decl. ¶ 4.) To the extent that ICE continues to detain immigrants within the jurisdiction of the Salt Lake City Field Office, the court urges the agency to address its staffing shortage as soon as possible to ensure that its administrative staff is able to process the number of immigrants who are being detained. As the court has previously noted, detained persons, whether citizens or noncitizens, have due process rights and the right of access to counsel. (See ECF No. 3 at 3.) Communication difficulties in this case and other matters have resulted in confusion about a detainee's location, as well as potential violations of the court's orders. (See, e.g., id. at 1–2.)

In another matter, the court has found that a revised interpretation of the Immigration and Nationality Act (INA) proposed by the U.S. Department of Homeland Security (DHS), under which a large class of immigrants is subject to mandatory detention under 8 U.S.C. § 1225, is unlawful. Tanchez v. Noem, No. 2:25-cv-1150, 2026 WL 125184, at *10 (D. Utah Jan. 16, 2026). If ICE continues to detain noncitizens without a bond hearing under the authority

of § 1225 while that issue is considered by other courts, the agency must be prepared for additional lawsuits, requests about a detainee's status and location, and the need to respond to court orders.

## ORDER

For the reasons stated above, the court DISMISSES this action WITHOUT PREJUDICE as moot.

DATED this 2nd day of February, 2026.

BY THE COURT:

_____
Tena Campbell
United States District Judge

3